UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Daniel L. Tabb, Jr. | } | |
| | } | 1 7 - 1 1 2 4 |
| Consumer/Plaintiff | } | Case No.: _____ |
| | } | |
| Vs. | } | VERIFIED CLAIM FOR DAMAGES |
| | } | JURY TRIAL DEMANDED |
| OCWEN LOAN SERVICING, LLC | } | |
| DEFENDANT(s) | } | |
| | } | |

COMES NOW, Daniel L. Tabb, Jr. to bring this action against OCWEN LOAN

SERVICING, LLC (hereinafter "OLS") "Defendant" for violation of the Fair Debt Collection

Practices Act.

## I.    INTRODUCTION

1.      This action is due to the improper and misconduct by Defendant OLS in an

attempt to collect an alleged debt. Defendant OLS is a debt collector defined in 15 U.S.C. section

1692a (6). Plaintiff is a consumer defined in 15 U.S.C. section 1692a (3). Defendant OLS sent

Plaintiff a dunning notice in connection in an attempt to collect a debt from Plaintiff. Defendant

OLS communication to Plaintiff also consists of false and misleading representations which is in

violation of 15 U.S.C. sections 1692e(5) and 1692e(10). Defendant OLS a dunning

communication to Plaintiff in an attempt to collect a debt from Plaintiff. Defendant OLS

communication to Plaintiff consisted of false and misleading representations thru deceptive

means to attempt to collect a debt. Both Defendants OLS has taken legal actions and continue to

take legal actions against Plaintiff that was not intended to be taken by a debt collector. The

Plaintiff actions before this court is to recover statutory and actual damages, cost, fees and

expenses incurred by Plaintiff, prior to and during the pendency of this action. Plaintiff has

pursued all of its administrative remedies and those explicitly written in the FDCPA. Defendants

OLS are being sued for violating the Fair Debt Collection Practices Act (hereinafter "FDCPA")

under 15 U.S.C. sections 1692e (5) and 1692e (10).

**II. PARTIES**

2.      Daniel L. Tabb, Jr. is the Plaintiff is this action who is a consumer as defined in

15 USC 1692a (3) because he is a natural person. Plaintiff is a consumer because he engaged in a

consumer transaction in which the subject of the transaction incurred consumer goods for

personal, family and household purposes. Plaintiff consumer goods are located at 202 East

Wayne Way, Middletown, DE 19709.

3.      Defendant OLS is a debt collector as defined in 15 USC 1692a (6). Defendant

OLS principal place of business is located at 1661 Worthington Road, Suite 100, West Palm

Beach, Florida 33409.

**II.     JURISDICTION & VENUE**

4.      Venue for the within action is properly within the jurisdiction of this Court upon

the ground, that one Plaintiff domiciles within this Judicial district of the County of New Castle,

Delaware. The court also has jurisdiction pursuant to 15 USC 1692.

**IV. VERIFIED FACTS**

**A. Defendant OLS is a Debt Collector**

5.      Plaintiff is a consumer.

6.      Defendant is a debt collector.

7.      Defendant OLS sent Plaintiff a dunning communication on September 2, 2016, stating that the communication is from a debt collector attempting to collect a debt and that any information obtained will be used for that purpose. See Exhibit A

8.      Defendant OLS is a debt collector.

**B. Defendant OLS False and Misleading Representation on September 2, 2016**

9.      The facts set forth in the preceding paragraphs five (5) through eight (8) are incorporated herein by reference.

10.    Plaintiff is a consumer.

11.    Defendant is a debt collector.

12.    On October 20, 2014, Plaintiff was granted a Federal Discharge Order from the United States Bankruptcy Court for the District of Delaware discharging Plaintiff's personal liability of all debts. See Exhibit B

13.    Defendant OLS has been barred from taking any debt collection efforts against Plaintiff since October 20, 2014.

14.    Defendant OLS sent a dunning communication to Plaintiff on or about September 2, 2016. See Exhibit A

15.    Defendant OLS dunning communication on September 2, 2016, informed Plaintiff that the communication was an attempt to collect a debt and any information obtained will be used for that purpose.

16.    Defendant OLS September 2, 2016 communication to Plaintiff contained false and misleading representations.

17.    Defendant OLS misrepresented the principal in the amount of $351,361.00. See Exhibit A

18.     Defendant OLS misrepresented the interest in the amount of $17,607. See Exhibit A

19.     Defendant OLS misrepresented the escrow advance in the amount of $10,500. See Exhibit A

20.     Defendant OLS misrepresented the Property Inspection Fee in the amount of $308. See Exhibit A

21.     Defendant OLS misrepresented the Title Report in the amount of $260. See Exhibit A

22.     Defendant OLS misrepresented the Property Valuation Expense in the amount of $312. See Exhibit A

23.     Defendant OLS misrepresented the Certified Mail Cost in the amount of $108. See Exhibit A

24.     Defendant OLS misrepresented the Satisfaction Cost in the amount of $55. See Exhibit A

25.     Defendant OLS misrepresented the Foreclosure Fee in the amount of $570. See Exhibit A

26.     Defendant OLS misrepresented the Foreclosure Expense in the amount of $93. See Exhibit A

27.     Defendant OLS misrepresentations of the amounts due can be in violation of the FDCPA.

28.     Defendant OLS threaten to take legal action against Plaintiff that was not intended to be taken which can be in violation of the FDCPA.

29.     Defendant OLS September 2, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be violation of the FDCPA.

30.     Defendant OLS has violated provision within the FDCPA.

**C. Defendant OLS False and Misleading Representation on September 9, 2016**

31.     The facts set forth in the preceding paragraphs five (5) through thirty (30) are incorporated herein by reference.

32.     Plaintiff re-assert paragraphs ten (10) through thirteen (13).

33.     On September 9, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit C

34.     Defendant OLS September 9, 2016 communication to Plaintiff contained false and misleading representations. See Exhibit C

35.     The documentation in Defendant OLS September 9, 2016 communication to Plaintiff is dated August 12, 2016. See Exhibit C

36.     Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit C

37.     Defendant OLS does not have a secured lien against Plaintiff.

38.     Defendant OLS misrepresented that Plaintiff applied for financial assistance and that Defendant OLS had reviewed the application. See Exhibit C

39.     Defendant OLS misrepresented that Plaintiff provided information in determining approval for a loan modification.

40.     Defendant OLS misrepresented that Plaintiff was eligible for a loan modification when Plaintiff never applied for a loan modification.

41.      Plaintiff never requested for a loan modification.

42.      Defendant OLS was not authorized to offer Plaintiff a loan modification.

43.      Defendant OLS deceptively attempted to collect an alleged debt from Plaintiff after failing to verify and validate the alleged debt. See Exhibit C

44.      Defendant OLS deceptively attempted to persuade Plaintiff to accept the loan modification after failing to verify and validate the alleged debt. See Exhibit C

45.      Defendant OLS deceptively attempted to have Plaintiff pay a Trial Period Plan of $1,826.61. See Exhibit C

46.      Defendant OLS deceptively used Plaintiff consumer credit report without Plaintiff authorization to seek information for a modification and without Plaintiff requesting for a modification. See Exhibit C

47.      Defendant OLS was not authorized to inquire about Plaintiff credit report.

48.      Defendant OLS misrepresentations of the modification trial period plan payments can be in violation of the FDCPA.

49.      Defendant OLS threat to take legal action against Plaintiff that was not intended to be taken which is in violation of the FDCPA.

50.      Defendant OLS September 9, 2017 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which is in violation of the FDCPA.

51.      Defendant OLS has violated provisions within the FDCPA.

**D. Defendant OLS False and Misleading Representation on September 22, 2016**

52.      The facts set forth in the preceding paragraphs five (5) through fifty-one (51) are incorporated herein by reference.

53.     Plaintiff re-assert paragraphs ten (10) through thirteen (13).

54.     On September 22, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit D

55.     The communication pertains to an interest rate and/or monthly payment increase.

56.     Defendant OLS September 22, 2016 communication to Plaintiff contained false and misleading representations.

57.     Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit D

58.     Defendant OLS does not have a secured lien against Plaintiff.

59.     Defendant OLS misrepresented that Plaintiff monthly mortgage payments will increase to $2,325.33 beginning with the payment due on 12/01/2016. See Exhibit D

60.     Defendant OLS September 22, 2016 communication misrepresentation of the status of the loan debt can be in violation of the FDCPA.

61.     Defendant OLS threatened to take legal action against Plaintiff that was not intended to be taken which can be in violation of the FDCPA.

62.     Defendant OLS September 22, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of the FDCPA.

63.     Defendant OLS has violated provisions within the FDCPA.

**E. Defendant OLS False and Misleading Representation on October 31, 2016**

64.     The facts set forth in the preceding paragraphs five (5) through sixty-three (63) are incorporated herein by reference.

65.     Plaintiff re-assert paragraphs ten (10) through thirteen (13).

66.     On October 31, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit E

67.     The communication pertains to a Mortgage Statement that is dated 10/31/2016.

68.     Defendant OLS October 31, 2016 communication to Plaintiff contained false and misleading representations.

69.     Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit E

70.     Defendant OLS is not the alleged creditor and does not have the authority as a debt collector to claim to have rights under any security instrument against Plaintiff consumer goods.

71.     Defendant OLS misrepresents that the total due now was $381,931.23 within its October 31, 2016 communication under "Amount Due". See Exhibit E

72.     Defendant OLS misrepresented that the principal amount due was $351,361.00 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

73.     Defendant OLS misrepresented that the interest amount due was $18,153.60 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

74.     Defendant OLS misrepresented that the escrow advance amount due was $10,520.57 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

75.     Defendant OLS misrepresented that the fees/other charges amount was $520.81 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

76.     Defendant OLS misrepresented that the past due fees/other charges amount due was $1,796.08 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

77.     Defendant OLS misrepresented that the reinstatement amount as of 10/31/2016 was $68,453.59 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

78.     Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,273.52 effective 12/01/2016 within its October 31, 2016 communication under "Important News". See Exhibit E

79.     Defendant OLS misrepresented that the loan has been accelerated within its October 31, 2016 communication under "Important News". See Exhibit E

80.     Defendant OLS October 31, 2016 communication misrepresentation of the status of the loan debt can be in violation of the FDCPA.

81.     Defendant OLS threatened to take legal action against Plaintiff that was not intended to be taken which can be in violation of the FDCPA.

82.     Defendant OLS October 31, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of the FDCPA.

83.     Defendant OLS has violated provisions within the FDCPA.

**F. Defendant OLS False and Misleading Representation on November 08, 2016**

84.     The facts set forth in the preceding paragraphs five (5) through eighty-three (83) are incorporated herein by reference.

85.     Plaintiff re-assert paragraphs ten (10) through thirteen (13).

86.     Defendant OLS sent Plaintiff a subsequent communication on or about November 8, 2016. See Exhibit F

87.     The communication pertains to a Verification of Mortgage Account.

88.     Defendant OLS November 08, 2016 communication to Plaintiff contained false and misleading representations.

89.     Defendant OLS misrepresented the current unpaid balance in the amount of $351,361.00 within its November 08, 2016. See Exhibit F

90.     Defendant OLS November 08, 2016 communication misrepresentation of the status of the loan debt can be in violation of the FDCPA.

91.     Defendant OLS November 08, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

92.     Defendant OLS has violated provision within the FDCPA.

**G. Defendant OLS False and Misleading Representation on November 17, 2016**

93.     The facts set forth in the preceding paragraphs five (5) through ninety-two (92) are incorporated herein by reference.

94.     Plaintiff re-assert paragraphs ten (10) through thirteen (13).

95.     On November 17, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit G

96.     The communication pertains to a Mortgage Statement that is dated 11/17/2016.

97.     Defendant OLS November 17, 2016 communication to Plaintiff contained false and misleading representations.

98.     Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit G

99.     Defendant OLS is not the alleged creditor and does not have the authority as a debt collector to claim to have rights under any security instrument against Plaintiff consumer goods.

100.    Defendant OLS misrepresents that the total due now was $382,428.99 within its November 17, 2016 communication under "Amount Due". See Exhibit G

101.    Defendant OLS misrepresented that the principal amount due was $351,361.00 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

102.    Defendant OLS misrepresented that the interest amount due was $18,651.36 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

103.    Defendant OLS misrepresented that the escrow advance amount due was $10,520.57 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

104.    Defendant OLS misrepresented that the past due fees/other charges amount due was $2,316.89 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

105.    Defendant OLS misrepresented that the reinstatement amount as of 10/31/2016 was $68,453.59 within its November 17, 2017 communication under "Explanation of Amount Due". See Exhibit G

106.    Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,273.52 effective 12/01/2016 within its November 17, 2016 communication under "Important News". See Exhibit G

107.    Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,191.18 effective 01/01/2017 within its November 17, 2016 communication under "Important News". See Exhibit G

108.    Defendant OLS misrepresented that the loan has been accelerated within its October 31, 2016 communication under "Important News". See Exhibit E

109.    Defendant OLS November 17, 2016 communication misrepresentation of the status of the loan debt can be in violation of 15 U.S.C. section 1692e (2)(A).

110.    Defendant OLS threatened to take legal action against Plaintiff that was not intended to be taken which can be in violation of 15 U.S.C. section 1692e (5).

111.    Defendant OLS November 17, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

112.    Defendant OLS has violated provisions within the FDCPA.

113.    Defendant OLS communications sent to Plaintiff constitutes debt collection activity under the FDCPA.

114.    As a result, Plaintiff has suffered from mental anguish and severe emotional distress, cost and statutory damages.

115.    Plaintiff action is specifically based on the misconduct and behavior of Defendant OLS in its debt collection efforts and actions.

116.    Plaintiff seek the court administrative power to conduct a limited judicial review of Plaintiff enforcement actions taken in compliance with the FDCPA.

117.    Plaintiff request that the court conduct a limited judicial review of the verified claims in this action.

**COUNT ONE: Defendant OLS August 12, 2016 communication Violates the FDCPA under 15 U.S.C. 1692e(2)(A), (5), (10)**

118.    The verified facts set forth in the preceding paragraphs four (4) through one hundred seventeen (117) are hereby incorporated by reference.

119.    Upon information and belief Plaintiff is a consumer as defined in 15 USC 1692a (3).

120.    Upon information and belief Defendant OLS is a debt collector as defined in 15 USC 1692a (6).

121.    Upon information and belief Defendant OLS is attempting to collect an alleged debt as defined in 15 USC 1692a (5).

122.    Upon information and belief on October 20, 2014, Plaintiff was granted a Federal Discharge Order from the United States Bankruptcy Court for the District of Delaware discharging Plaintiff's personal liability of all debts. See Exhibit B

123.    Upon information and belief Defendant OLS has been barred from taking any debt collection efforts against Plaintiff since October 20, 2014.

124.    Upon information and belief Defendant OLS sent a dunning communication to Plaintiff on or about September 2, 2016. See Exhibit A

125.    Upon information and belief Defendant OLS dunning communication on September 2, 2016, informed Plaintiff that the communication was an attempt to collect a debt and any information obtained will be used for that purpose.

126.    Upon information and belief Defendant OLS September 2, 2016 communication to Plaintiff contained false and misleading representations.

127.    Upon information and belief Defendant OLS misrepresented the principal in the amount of $351,361.00. See Exhibit A

128.    Upon information and belief Defendant OLS misrepresented the interest in the amount of $17,607. See Exhibit A

129.    Upon information and belief Defendant OLS misrepresented the escrow advance in the amount of $10,500. See Exhibit A

130.    Upon information and belief Defendant OLS misrepresented the Property Inspection Fee in the amount of $308. See Exhibit A

131.    Upon information and belief Defendant OLS misrepresented the Title Report in the amount of $260. See Exhibit A

132.    Upon information and belief Defendant OLS misrepresented the Property Valuation Expense in the amount of $312. See Exhibit A

133.    Upon information and belief Defendant OLS misrepresented the Certified Mail Cost in the amount of $108. See Exhibit A

134.    Upon information and belief Defendant OLS misrepresented the Satisfaction Cost in the amount of $55. See Exhibit A

135.    Upon information and belief Defendant OLS misrepresented the Foreclosure Fee in the amount of $570. See Exhibit A

136.    Upon information and belief Defendant OLS misrepresented the Foreclosure Expense in the amount of $93. See Exhibit A

137.    Upon information and belief Defendant OLS misrepresentations of the amounts due can be in violation of 15 U.S.C. section 1692e (2)(A).

138.    Upon information and belief Defendant OLS threaten to take legal action against Plaintiff that was not intended to be taken which can be in violation of 15 U.S.C. section 1692e (5).

139.    Upon information and belief Defendant OLS September 2, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be violation of the 15 U.S.C. section 1692e (10).

140.    Upon information and belief Defendant OLS has violated provision within the FDCPA.

### COUNT TWO: Defendant OLS September 9, 2016 communication Violates the FDCPA under 15 U.S.C. 1692e(5), (10)

141.    The verified facts set forth in the preceding paragraphs four (4) through one hundred seventeen (117) are hereby incorporated by reference.

142.    Plaintiff re-alleges paragraphs one hundred nineteen (119) through one hundred twenty-three (123).

143.    Upon information and belief on September 9, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit C

144.    Upon information and belief Defendant OLS September 9, 2016 communication to Plaintiff contained false and misleading representations. See Exhibit C

145.    Upon information and belief the documentation in Defendant OLS September 9, 2016 communication to Plaintiff is dated August 12, 2016. See Exhibit C

146.    Upon information and belief Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit C

147.    Upon information and belief Defendant OLS does not have a secured lien against Plaintiff.

148.    Upon information and belief Defendant OLS misrepresented that Plaintiff applied for financial assistance and that Defendant OLS had reviewed the application. See Exhibit C

149.    Upon information and belief Defendant OLS misrepresented that Plaintiff provided information in determining approval for a loan modification.

150.    Upon information and belief Defendant OLS misrepresented that Plaintiff was eligible for a loan modification when Plaintiff never applied for a loan modification.

151.    Upon information and belief Plaintiff never requested for a loan modification.

152.    Upon information and belief Defendant OLS was not authorized to offer Plaintiff a loan modification.

153.    Upon information and belief Defendant OLS deceptively attempted to collect an alleged debt from Plaintiff after failing to verify and validate the alleged debt. See Exhibit C

154.    Upon information and belief Defendant OLS deceptively attempted to persuade Plaintiff to accept the loan modification after failing to verify and validate the alleged debt. See Exhibit C

155.    Upon information and belief Defendant OLS deceptively attempted to have Plaintiff pay a Trial Period Plan of $1,826.61. See Exhibit C

156.    Upon information and belief Defendant OLS deceptively used Plaintiff consumer credit report without Plaintiff authorization to seek information for a modification and without Plaintiff requesting for a modification. See Exhibit C

157.    Upon information and belief Defendant OLS was not authorized to inquire about Plaintiff credit report.

158.    Upon information and belief Defendant OLS misrepresentations of the modification trial period plan payments can be in violation of 15 U.S.C. section 1692e (2)(A).

159.    Upon information and belief Defendant OLS threat to take legal action against Plaintiff that was not intended to be taken which is in violation of 15 U.S.C. section 1692e (5).

160.    Upon information and belief Defendant OLS September 9, 2017 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which is in violation of 15 U.S.C. section 1692e (10).

161.    Upon information and belief Defendant OLS has violated provisions within the FDCPA.

## COUNT THREE: Defendant OLS October 31, 2016 communication Violates the FDCPA under 15 U.S.C. 1692e(2)(A), (5) and (10)

162.    The verified facts set forth in the preceding paragraphs four (4) through one hundred seventeen (117) are hereby incorporated by reference.

163.    Plaintiff re-alleges paragraphs one hundred nineteen (119) through one hundred twenty-three (123).

164.    Upon information and belief on October 31, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit E

165.    Upon information and belief the communication pertains to a Mortgage Statement that is dated 10/31/2016.

166.    Upon information and belief Defendant OLS October 31, 2016 communication to Plaintiff contained false and misleading representations.

167.    Upon information and belief Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit E

168.    Upon information and belief Defendant OLS is not the alleged creditor and does not have the authority as a debt collector to claim to have rights under any security instrument against Plaintiff consumer goods.

169.    Upon information and belief Defendant OLS misrepresents that the total due now was $381,931.23 within its October 31, 2016 communication under "Amount Due". See Exhibit E

170.    Upon information and belief Defendant OLS misrepresented that the principal amount due was $351,361.00 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

171.    Upon information and belief Defendant OLS misrepresented that the interest amount due was $18,153.60 within its October 31, 2016 communication under "Explanation of Amount Due". See Exhibit E

172.    Upon information and belief Defendant OLS misrepresented that the escrow advance amount due was $10,520.57 within its October 31, 2016 communication under "Explanation of Amount Due".  See Exhibit E

173.    Upon information and belief Defendant OLS misrepresented that the fees/other charges amount was $520.81 within its October 31, 2016 communication under "Explanation of Amount Due".  See Exhibit E

174.    Upon information and belief Defendant OLS misrepresented that the past due fees/other charges amount due was $1,796.08 within its October 31, 2016 communication under "Explanation of Amount Due".  See Exhibit E

175.    Upon information and belief Defendant OLS misrepresented that the reinstatement amount as of 10/31/2016 was $68,453.59 within its October 31, 2016 communication under "Explanation of Amount Due".  See Exhibit E

176.    Upon information and belief Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,273.52 effective 12/01/2016 within its October 31, 2016 communication under "Important News". See Exhibit E

177.    Upon information and belief Defendant OLS misrepresented that the loan has been accelerated within its October 31, 2016 communication under "Important News". See Exhibit E

178.    Upon information and belief Defendant OLS October 31, 2016 communication misrepresentation of the status of the loan debt can be in violation of 15 U.S.C. section 1692e(2)(A).

179.    Upon information and belief Defendant OLS threat to take legal action against Plaintiff that was not intended to be taken which can be in violation of 15 U.S.C. section 1692e (5).

180.    Upon information and belief Defendant OLS October 31, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e(10).

181.    Defendant OLS has violated provisions within the FDCPA.

**COUNT FOUR: Defendant OSL November 8, 2016 communication Violates the FDCPA
under 15 U.S.C. 1692e(2)(A), (10)**

182.    The verified facts set forth in the preceding paragraphs four (4) through one
hundred seventeen (117) are hereby incorporated by reference.

183.    Plaintiff re-alleges paragraphs one hundred nineteen (119) through one hundred
twenty-three (123).

184.    Upon information and belief Defendant OLS sent Plaintiff a subsequent
communication on or about November 8, 2016. See Exhibit F

185.    Upon information and belief the communication pertains to a Verification of
Mortgage Account.

186.    Upon information and belief Defendant OLS November 08, 2016 communication
to Plaintiff contained false and misleading representations.

187.    Upon information and belief Defendant OLS misrepresented the current unpaid
balance in the amount of $351,361.00 within its November 08, 2016. See Exhibit F

188.    Upon information and belief Defendant OLS November 08, 2016 communication
misrepresentation of the status of the loan debt can be in violation of the FDCPA.

189.    Upon information and belief Defendant OLS November 08, 2016 communication
sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt
to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

190.    Upon information and belief Defendant OLS has violated provision within the
FDCPA.


[INTENTIONALLY LEFT BLANK]

**COUNT FIVE: Defendant OSL November 17, 2016 communication Violates the FDCPA under 15 U.S.C. 1692e(2)(A), (5) and (10)**

191. The verified facts set forth in the preceding paragraphs four (4) through one hundred seventeen (117) are hereby incorporated by reference.

192. Plaintiff re-alleges paragraphs one hundred nineteen (119) through one hundred twenty-three (123).

193. Upon information and belief on November 17, 2016, Defendant OLS sent Plaintiff a subsequent dunning communication. See Exhibit G

194. Upon information and belief the communication pertains to a Mortgage Statement that is dated 11/17/2016.

195. Upon information and belief Defendant OLS November 17, 2016 communication to Plaintiff contained false and misleading representations.

196. Upon information and belief Defendant OLS misrepresented that the "communication was purely provided for informational purposes only with regard to our secured lien". See Exhibit G

197. Upon information and belief Defendant OLS is not the alleged creditor and does not have the authority as a debt collector to claim to have rights under any security instrument against Plaintiff consumer goods.

198. Upon information and belief Defendant OLS misrepresents that the total due now was $382,428.99 within its November 17, 2016 communication under "Amount Due". See Exhibit G

199. Upon information and belief Defendant OLS misrepresented that the principal amount due was $351,361.00 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

200.    Upon information and belief Defendant OLS misrepresented that the interest amount due was $18,651.36 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

201.    Upon information and belief Defendant OLS misrepresented that the escrow advance amount due was $10,520.57 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

202.    Upon information and belief Defendant OLS misrepresented that the past due fees/other charges amount due was $2,316.89 within its November 17, 2016 communication under "Explanation of Amount Due". See Exhibit G

203.    Upon information and belief Defendant OLS misrepresented that the reinstatement amount as of 10/31/2016 was $68,453.59 within its November 17, 2017 communication under "Explanation of Amount Due". See Exhibit G

204.    Upon information and belief Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,273.52 effective 12/01/2016 within its November 17, 2016 communication under "Important News". See Exhibit G

205.    Upon information and belief Defendant OLS misrepresented that Plaintiff monthly payment will change to $2,191.18 effective 01/01/2017 within its November 17, 2016 communication under "Important News". See Exhibit G

206.    Upon information and belief Defendant OLS misrepresented that the loan has been accelerated within its October 31, 2016 communication under "Important News". See Exhibit E

207.    Upon information and belief Defendant OLS November 17, 2016 communication misrepresentation of the status of the loan debt can be in violation of 15 U.S.C. section 1692e (2)(A).

208.    Upon information and belief Defendant OLS threatened to take legal action against Plaintiff that was not intended to be taken which can be in violation of 15 U.S.C. section 1692e (5).

209.    Upon information and belief Defendant OLS November 17, 2016 communication sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be in violation of 15 U.S.C. section 1692e (10).

210.    Upon information and belief Defendant OLS has violated provisions within the FDCPA.

## DEMAND FOR REMEDY

WHEREFORE, Plaintiff demands judgment as follows;

(a)    Statutory Damages of $44,000 FDCPA;

(b)    and Award Plaintiff Fees of Cost of This Action.

Daniel L. Tabb, Jr., Consumer
202 East Wayne Way
Middletown, DE 19709

Dated: August 8, 2017