## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANIEL L. TABB, JR., | : |
| Plaintiff, | : |
| v. | : C.A. No. 1:17-cv-01124 (GMS) |
| OCWEN LOAN SERVICING, LLC, | : |
| Defendant. | : |

## BRIEF OF DEFENDANT OCWEN LOAN SERVICING, LLC, IN SUPPORT OF MOTION TO DISMISS

BLANK ROME LLP
David A. Dorey (DE #5283)
Craig N. Haring (DE #6231)
1201 N. Market Street, Suite 800
Wilmington, Delaware 19801
(302) 425-6400 Phone
(302) 425-6464 Facsimile
Dorey@BlankRome.com
CHaring@BlankRome.com

Dated: November 27, 2017

**TABLE OF CONTENTS**

Page

I. STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................... 1

II. SUMMARY OF THE ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS ................................................................................................ 2

IV. ARGUMENT ..................................................................................................................... 4

    A.    Standard of Review ................................................................................................ 4

    B.    Plaintiff Fails to State A Claim For A Violation Of The FDCPA Because Ocwen Is Not A Debt Collector Under 15 U.S.C. § 1692a(6) ............................... 6

    C.    Even If Ocwen Is Considered A Debt Collector, Plaintiff Fails to State A Claim For A Violation Of The FDCPA .................................................................. 8

        1.    The Complaint Should Be Dismissed Because It Fails To Allege Facts To Support Its Allegations That Ocwen Made False, Deceptive, Or Misleading Representations In Communications With Plaintiff ................ 9

        2.    The Complaint Should Be Dismissed Because Ocwen's Communications With Plaintiff Were Not Made In Connection With The Collection Of A Debt. ......................................................................................................... 11

    D.    Plaintiff's Chapter 7 Discharge Does Not Affect Ocwen's Right To Payment Of The Mortgage Debt ........................................................................... 12

V. CONCLUSION ................................................................................................................ 13


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662, 129 S.Ct. 1937 (2009) ................................................................. 5, 7, 10

*Associated Gen. Contractors of Cal. v. California State Council of Carpenters*,
　459 U.S. 519 (1983) ................................................................................................... 4

*Bailey v. Security Nat'l Serv. Corp.*,
　154 F.3d 384 (7th Cir. 1998) .................................................................................... 12

*Bell Atlantic Corp. v. Twombly*,
　550 U.S. 544 (2007) ...................................................................................... 5, 7, 10

*Berk v. J.P. Morgan Chase Bank, N.A.*,
　2011 WL 4467746 (E.D. Pa. Sept. 26, 2011) ............................................................ 6

*Church-El v. Bank of N.Y.*,
　2015 WL 8779618 (D. Del. Dec. 15, 2015) .............................................................. 9

*DeFazio v. Leading Edge Recovery Solutions, LLC*,
　2010 WL 5146765 (D.N.J. Dec. 13, 2010) ................................................. 7, 8, 9, 10

*Erickson v. Pardus*,
　551 U.S. 89 (2007) ..................................................................................................... 5

*Estelle v. Gamble*,
　429 U.S. 97 (1976) ..................................................................................................... 5

*Gburek v. Litton Loan Serviving LP*,
　614 F.3d 380 (7th Cir. 2010) .............................................................................. 11, 12

*Grden v. Leikin Ingber & Winters PC*,
　643 F.3d 169 (6th Cir. 2011) .................................................................................... 11

*Gregory v. Nationstar Mortgage, LLC*,
　2014 WL 1875167 (D.N.J. May 9, 2014) ................................................................ 12

*Gunn v. Specialized Loan Servicing LLC*,
　2016 WL 1073285 (D. Del. Mar. 18, 2016) .............................................................. 7

*Gunn v. Specialized Loan Servicing, LLC*,
　2017 WL 976621 (D. Del. Mar. 13, 2017) ......................................................... 6, 7, 8

*In Re DiClemente*,
　2012 WL 3314840 (D.N.J. Aug. 13, 2012) ............................................................. 12

*Johnson v. Home State Bank*,
    501 U.S. 78 (1991) ................................................................................................12, 13

*Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.*,
    20 F.3d 1250 (3d Cir. 1994) ..................................................................................... 4

*Mala v. Crown Bay Marina, Inc.*,
    704 F.3d 239 (3d Cir. 2013) ..................................................................................... 5

*Marx v. Gen. Revenue Corp.*,
    568 U.S. 371 (2013) .................................................................................................. 6

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997) ..................................................................................... 4

*Pollice v. National Tax Funding, L.P.*,
    225 F.3d 379 (3d Cir. 2000) ..................................................................................... 6

*S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp Ltd.*,
    181 F.3d 410 (3d Cir. 1999) ..................................................................................... 2

*Selby v. Bank of Am., Inc.*,
    2010 WL 4347629 (S.D. Cal. Oct. 27, 2010) .......................................................12

*Simon v. FIA Card Services, N.A.*,
    732 F.3d 259 (3d Cir. 2013) ...................................................................................11

*Vilkofsky v. Specialized Loan Servicing, LLC*,
    2017 WL 2573874 (W.D. Pa. June 14, 2017) ........................................................ 8

*Wright v. Portfolio Recovery Affiliates*,
    2011 WL 1226115 (D. Del. Mar. 30, 2011) .........................................................10

**Statutes**

15 U.S.C. § 1692 ............................................................................................................1, 6

15 U.S.C. § 1692a ............................................................................................................... 6

15 U.S.C. § 1692a(6) ..................................................................................................1, 6, 8

15 U.S.C. § 1692a(6)(F) .................................................................................................... 7

15 U.S.C. § 1692e ........................................................................................... 2, 4, 9, 10, 11

15 U.S.C. § 1692e(2)(A) ................................................................................................3, 9

15 U.S.C. § 1692e(5) .....................................................................................................3, 9, 10

15 U.S.C. § 1692e(10) ...................................................................................................3, 9, 10

15 U.S.C. § 1692o ................................................................................................................6

**Other Authorities**

Fed. R. Civ. P. 8(a)(2) .......................................................................................................10

Fed. R. Civ. P. 12(b)(6) ...................................................................................1, 4, 7, 10, 13

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") submits this Brief in support of its Motion pursuant to Federal Rules of Civil Procedure 12(b)(6) to Dismiss the Verified Claim for Damages (the "Complaint") filed by Plaintiff, Daniel L. Tabb, Jr. ("Plaintiff").

## I.   STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff's conclusory Complaint fails to allege sufficient facts to state a viable claim for relief.   Plaintiff alleges Ocwen violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), by impermissibly sending "false and misleading" "dunning" notices in connection with a mortgage debt.  However, as explained below, and as a matter of law, none of Plaintiff's claims have merit and the Court should dismiss the Complaint with prejudice.

Plaintiff filed the Complaint on August 11, 2017.  D.I. 1.  Ocwen was served the Complaint on October 26, 2017.  Counsel for Ocwen entered their appearance on November 9, 2017.  D.I. 5, 6.  On November 16, 2017, the Court granted a stipulation to extend Ocwen's deadline to answer, move, or otherwise respond to the Complaint to November 27, 2017.

## II.   SUMMARY OF THE ARGUMENT

Plaintiff's Complaint should be dismissed for the following reasons:

1) The Complaint fails to adequately allege Ocwen is a "debt collector" under the FDCPA, 15 U.S.C. § 1692a(6).  Plaintiff fails to allege the principal purpose of Ocwen's business, how often it purportedly collects debts due to third parties in its regular business activities, or how long Ocwen has purportedly been collecting debts.  Furthermore, Plaintiff does not explain Ocwen's relationship to the mortgage debt, much less describe the loan status or whether the loan was in default at the time Ocwen, or a third party, acquired it.

1

2) Plaintiff fails to sufficiently allege a violation of the 15 U.S.C. § 1692e.  Specifically, Plaintiff fails to plead facts that (1) Ocwen's communications with Plaintiff contain misleading or threatening statements or (2) Ocwen's communications with Plaintiff were made in connection with the collection of any debt.

3) To the extent Plaintiff claims Ocwen violated the FDCPA because his Chapter 7 bankruptcy discharged the personal debt secured by the underlying mortgage, the mortgage debt survives a Chapter 7 proceeding and the holder still retains the security and related right of payment under the mortgage debt.

## III.   STATEMENT OF FACTS

The following factual background is derived from the Complaint, exhibits[1] attached thereto, and matters of public record that describe the facts with greater clarity than the Complaint itself.[2]

On or about July 3, 2014, Plaintiff filed a voluntary petition for Chapter 7 bankruptcy with the United States Bankruptcy Court, District of Delaware, under Docket Number 14-11647-CSS (the "Bankruptcy Proceeding").  A true and correct copy of the Bankruptcy Proceeding docket is attached hereto as Exhibit A.  While the Complaint is not clear, Plaintiff's property encumbered by the alleged mortgage debt, 202 E. Wayne Way, Middletown, DE 19709, was abandoned by the bankruptcy trustee on October 13, 2014.  *See* Ex. A, Bankruptcy Proceeding D.I. 19.  Plaintiff obtained a Chapter 7 discharge on October 20, 2014.  *See* Compl. Ex. B.  The Bankruptcy Proceeding concluded on October 29, 2014.  S*ee* Ex. A.

---

[1] Plaintiff has attached two sets of exhibits.  The first set, Exhibits A–C, was attached to the Complaint.  *See* D.I. 1.  The second set, Exhibits D–G, was filed November 9, 2017.  *See* D.I. 8.  This second set of exhibits was previously referenced in the Complaint.
[2] *See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records . . . in addition to the allegations in the complaint").

2

Plaintiff filed the present action on August 11, 2017. D.I. 1. While the Complaint is somewhat lengthy, its claims are conclusory, lacking factual allegations necessary to support a claim for relief. For example, the Complaint fails to (1) identity the loan, mortgage, or property at issue; (2) identify the owner of the mortgage debt; (3) identify Ocwen's relationship to the mortgage debt; (4) identify whether the current owner of the mortgage debt created the mortgage debt or, if not, when the current owner obtained the mortgage debt; or (4) identify whether the mortgage debt was in default when the current owner obtained it.

Nevertheless, Plaintiff alleges Ocwen violated the FDCPA when it made "false and mislead representations" in five communications between Ocwen and Plaintiff. These communications are:

- A document entitled "Payoff Quote—Valid Through 10/03/2016." *See* Compl. Ex A.[3]
- A document entitled "Response Letter—Loss Mitigation Option(s) Are Enclosed" dated August 22, 2016. *See* Compl. Ex. C.
- A Monthly Statement dated October 31, 2016. *See* Compl. Ex. E.
- A Verification of Mortgage dated November 11, 2016. *See* Compl. Ex. F.
- A Monthly Statement dated November 17, 2016. *See* Compl. Ex. G.[4]

Generally, Plaintiff alleges these communications contain "misrepresentations" regarding various financial figures in violation of FDCPA §§ 1692e(2)(A), 1692e(5), and 1692e(10). Plaintiff seeks statutory damages of $44,000 and "Fees of Cost of This Action." *See* Compl. "Demand for Remedy."

---

[3] This exhibit is unreadable.
[4] While the Complaint attaches six alleged communications, Plaintiff claims only five violated the FDCPA. *See* Compl. Counts 1–5

3

For the reasons state herein, Ocwen now moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state a claim against Ocwen.

IV.   **ARGUMENT**

Plaintiff's Complaint fails to state a claim for three reasons.  First, Plaintiff fails to allege Ocwen is a "debt collector" that is subject to the FDCPA.  Second, Plaintiff fails to adequately allege a violation of the 15 U.S.C. § 1692e.  Specifically, Plaintiff fails to plead facts that that (1) Ocwen's communications with Plaintiff contain misleading or threatening statements or (2) Ocwen's communications with Plaintiff were made in connection with the collection of any debt.  Third, to the extent Plaintiff claims his Chapter 7 bankruptcy discharged the personal obligation on the note that underlies the mortgage debt, the mortgage debt survived the Chapter 7 proceeding and the holder still retains the security and related right of payment under the mortgage.

A.   **Standard of Review.**

In accordance with Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed if it fails "to state a claim upon which relief can be granted."  In considering whether a complaint fails to state a claim upon which relief can be granted, the court must accept the complaint's allegations as true.  *Jordan v. Fox, Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). The court must also construe all reasonable inferences that can be drawn from those allegations in the light most favorable to the plaintiff.  *Id.*  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Further, a court need not "assume that a . . . [plaintiff] can prove facts that . . . plaintiff has not alleged."  *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

4

In order to state a valid claim, a plaintiff must provide factual grounds for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly*, stressed that the allegations and the supporting facts in the complaint must raise plaintiff's right to relief to something higher than a speculative level. *Id.*

The Supreme Court refined these pleading requirements, stating that the facts pled must amount to more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). Thus, when reviewing pleadings for sufficiency, the court should:

> Begin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.,* at 1950. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must set out "sufficient factual matter" to show that the allegations of his or her complaint are plausible. *Id.*, at 1949-50.

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, **"pro se litigants still must allege sufficient facts in their complaints to support a claim."** *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.

5

**B.     Plaintiff Fails to State A Claim For A Violation Of The FDCPA Because Ocwen Is Not A Debt Collector Under 15 U.S.C. § 1692a(6).**

Plaintiff's Complaint is rife with ambiguities and generalities, all of which are insufficient to plausibly state a claim for relief under the FDCPA. Importantly, other than Plaintiff's own self-serving conclusions of law, the Complaint is noticeably devoid of any facts demonstrating that Ocwen is a "debt collector" under the FDCPA. The Court should dismiss Plaintiff's Complaint for this reason alone.

The FDCPA "is a consumer protection statute that prohibits certain abusive, deceptive, and unfair debt collection practices." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 374 n.1 (2013) (citing 15 U.S.C. § 1692). To state a claim under the FDCPA, a plaintiff must establish that "(1) he or she is a 'consumer' who is harmed by violations of the FDCPA; (2) the 'debt' arises out of a transaction entered into primarily for personal, family, or household purposes; (3) the defendant collecting the debt is a 'debt collector'; and (4) the defendant has violated, by act or omission, a provision of the FDCPA." *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011) (citing 15 U.S.C. §§ 1692a–1692o).

The FDCPA defines a "debt collector" as one who "regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). However, creditors to whom a debt is owed, are not "debt collectors" and thus are excluded from the provisions of the FDCPA. *See*, *e.g.*, *Gunn v. Specialized Loan Servicing, LLC*, 2017 WL 976621, at *5 n.7 (D. Del. Mar. 13, 2017) (citing *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000)) ("Creditors—as opposed to 'debt collectors'—generally are not subject to the FDCPA."). Furthermore, a "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was *not in default at the time it was obtained by such*

6

*person." See Gunn v. Specialized Loan Servicing LLC*, 2016 WL 1073285, at *4 (D. Del. Mar. 18, 2016) (quoting § 1692a(6)(F)) (emphasis added). Creditors, mortgagors, and mortgage servicing companies, *like Ocwen, are generally <u>not debt collectors</u> and are therefore statutorily exempt from the FDCPA. See Gunn*, 2017 WL 976621, at *5 ("mortgage servicers are generally not subject to the FDCPA"); *Gunn*, 2016 WL 1073285, at *4. Here, Plaintiff's FDCPA claims fail because he does not sufficiently allege Ocwen is a "debt collector" under the statute. Specifically, the Complaint fails to allege (a) Ocwen regularly collects debts on behalf of another or (b) the mortgage debt at issue was in default when the current owner of the mortgage debt obtained it.

In *DeFazio*, the Court dealt with the very same issue, and granted a Rule 12(b)(6) Motion to Dismiss because the debtor/plaintiff failed to set forth sufficient factual allegations to "support whether [Defendant] is a 'debt collector' beyond a mere speculative level." *DeFazio v. Leading Edge Recovery Solutions, LLC*, 2010 WL 5146765, at *3 (D.N.J. Dec. 13, 2010). Specifically, the Court reasoned that "the Complaint does not state the principal purpose of [Defendant's] business, how often [Defendant] collects debts due to third parties in its regular business practice, how long it has been doing so, etc." *Id*. at *3. In addition, the Court also noted that "there are no factual allegations in the Complaint as to where the debt in question originated from or as to the status of the debt owed to [the originator of the loan] at the time the debt was acquired by [Defendant]." *Id*. Rather, the plaintiff in *DeFazio* merely alleged that the defendant was "primarily in the business of acquiring and/or collecting debts that are allegedly due to another and is therefore a 'Debt Collector'…," prompting the following response by the Court:

> [t]his is a formulaic recitation of the first sentence of the definition of "debt collector," which is precisely what *Iqbal* and *Twombly* advise against. This Court is not finding that [Defendant] is a "debt collector" based solely on Plaintiff's statement in her Complaint that [Defendant] is a "debt collector." This is an unsupported

conclusion disguised as a factual allegation. . . .

*DeFazio*, 2010 WL 5146765 at *3.

Here, Plaintiff's allegations regarding whether Ocwen is a "debt collector" are even more scant than those made in *DeFazio*. In fact, Plaintiff's sole allegation is that "Defendant [Ocwen] is a debt collector as defined in 15 USC section 1692a(6)," which is hardly sufficient to state a claim under the FDCPA. *See* Compl. ¶ 1. Notably, Plaintiff fails to allege the principal purpose of Ocwen's business, how often it purportedly collects debts due to third parties in its regular business activities, or how long Ocwen has purportedly been collecting debts. Furthermore, Plaintiff does not explain Ocwen's relationship to the mortgage debt, much less describe the loan status or whether the loan was in default at the time Ocwen, or a third party, allegedly acquired it. *See Gunn*, 2017 WL 976621, at *5 (noting that because "mortgage loan servicers are generally not subject to the FDCPA," plaintiff must allege additional facts to support an inference that the mortgage loan servicer falls within the FDCPA's definition of a debt collector); s*ee also Vilkofsky v. Specialized Loan Servicing, LLC*, 2017 WL 2573874, at *5 (W.D. Pa. June 14, 2017) ("when a plaintiff does not plead facts sufficient to demonstrate that a mortgage was in default at the time a defendant mortgage-servicer began servicing the loan, the plaintiff's FDCPA claim should be dismissed").

Accordingly, Plaintiff fails to allege sufficient facts to adequately plead Ocwen is a "debt collector" under the FDCPA. The Court should dismiss Plaintiff's Complaint.

      **C.**      **Even If Ocwen Is Considered A Debt Collector, Plaintiff Fails to State A Claim For A Violation Of The FDCPA.**

Assuming *arguendo* that the FDCPA does apply to Ocwen, Plaintiff fails to state a claim for a violation of the FDCPA. First, Plaintiff fails to sufficiently allege Ocwen made any false or misleading representations in the communications between Plaintiff and Ocwen. Second,

8

Plaintiff fails to allege these communications were made in connection with the collection of a debt.

>   1.  The Complaint Should Be Dismissed Because It Fails To Allege Facts To Support Its Allegations That Ocwen Made False, Deceptive, Or Misleading Representations In Communications With Plaintiff

Plaintiff must allege specific facts to show Ocwen's communications with Plaintiff contained "false or misleading representations." *Church-El v. Bank of N.Y.*, 2015 WL 8779618, at *4 (D. Del. Dec. 15, 2015) (dismissing FDCPA claim because "Plaintiff merely makes conclusory statements without alleging any facts" to support the allegation that defendant "engaged in any false, deceptive or misleading representation in violation of 15 U.S.C. § 1692e"). Here, Plaintiff alleges no specific facts that Ocwen's communications with Plaintiff contains false, deceptive, or misleading statements in violation of 15 U.S.C. § 1692e.

In his Complaint, Plaintiff references five communications that he allegedly received from Ocwen, including two monthly mortgage statements, what appears to be a Payoff Quote, a letter entitled "Response Letter—Loss Mitigation Option(s) Are Enclosed," and a document entitled "Verification of Mortgage Account." For each of these communications, Plaintiff claims Ocwen generally violated three sections of the FDCPA: § 1692e(2)(A), for allegedly making false representation of the character, amount, or legal status of any debt; § 1692e(5), for allegedly making a threat to take any legal action that cannot legally be taken or that is not intended to be taken; and § 1692e(10), for allegedly using false or deceptive means to collect a debt. *See* Compl. Counts 1–5.[5]

However, similar to *DeFazio*, Plaintiff merely offers a "formulaic recitation" of some of the language of the FDCPA which places certain restrictions on communications sent in

---

[5] Count 2 does not include a claim under § 1692e(2)(A). Count 4 does not include a claim under § 1692e(5).

9

connection with debt collection, and fails to allege any facts in support thereof. *See DeFazio*, 2010 WL 5146765 at *3. In addition, Plaintiff's description of each alleged violation is nothing more than a carbon copy of the previously alleged violation, without any additional facts. For example, each count merely alleges Ocwen "misrepresented" various sums due without stating how the figures were a "misrepresentation." *See, e.g.*, Compl. ¶ 133 ("Defendant misrepresented the Certified Mail Cost in the amount of $108."). Plaintiff also alleges:

- Ocwen "threaten[ed] to take legal action against Plaintiff that was not intended to be taken which can be in violation of 15 U.S.C. section 1692e(5);"[6]
- The communication Ocwen "sent to Plaintiff contains false and misleading representations thru deceptive means in an attempt to collect a debt from Plaintiff which can be violation of the 15 U.S.C. section 1692e(10)."[7]

However, Plaintiff fails to allege what legal action Ocwen did not "intend" to seek, or what "deceptive means" Ocwen was allegedly using to collect a debt.

Without more, Plaintiff has failed to state a claim for a violation of 15 U.S.C. § 1692e, and Ocwen cannot be reasonably expected to defend against his boilerplate allegations. *See Wright v. Portfolio Recovery Affiliates*, 2011 WL 1226115, at *5 (D. Del. Mar. 30, 2011) (dismissing FDCPA claim where allegations simply described "the defendants' actions in language derived from the statutory causes of action in general terms" because "[b]y limiting itself to the language of the statutes and failing to provide any facts, [the FDCPA claim] does not meet the requirements of Rule 8(a)(2), *Iqbal*, and *Twombly*."). Accordingly, the Court should dismiss Plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(6).

---

[6] Compl. ¶ 138.
[7] Compl. ¶ 139.

2. <u>The Complaint Should Be Dismissed Because Ocwen's Communications With Plaintiff Were Not Made In Connection With The Collection Of A Debt.</u>

A defendant cannot be held liable for violating the FDCPA if it did not engage in any unlawful *debt collection activity*. *See* 15 U.S.C. § 1692e (stating a false or misleading representation must be made "in connection with the *collection of any debt*") (emphasis added). "[F]or a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 173 (6th Cir. 2011) (cited by *Simon v. FIA Card Services, N.A.*, 732 F.3d 259, 266 (3d Cir. 2013)). A mere "ministerial response to a debtor inquiry, rather than part of a strategy to make payment more likely" is not a communication to induce payment by a debtor. *Id.*; *see Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384 (7th Cir. 2010) (finding a letter that was "merely a description of the current status of the debtor's account" was not a communication seeking to induce payment).

Here, each communication at issue contains a statement similar to the following:

> Our records indicate that you have filed for bankruptcy protection. This statement applies to our lien on the subject mortgaged property and is being provided for informational purposes only.

*See* Compl. Ex. A, C, E, F, G. Accordingly, § 1692e does not apply to these communications because they were not made to induce payment by the borrower. By any fair reading, each of the documents cited by Plaintiff expressly pronounced that the statement was being sent for "informational purposes only," and only applies to the "lien on the subject mortgaged property." Plaintiff, therefore, cannot plausibly maintain an FDCPA claim when none of Ocwen's alleged communications were part of any debt collection efforts, let alone false or misleading.

Furthermore, the FDCPA claims should be dismissed because the alleged communication were "merely a description of the current status of the debtor's account," meaning they were not

meant to induce payment of the mortgage debt. *See Gburek*, 614 F.3d at 384. At most, the alleged communications made by Ocwen provided Plaintiff with nothing more than a status and/or information pertaining to the mortgage account. For example, the communication in Count 4 merely identifies the borrower, loan type, loan term, unpaid balance, and payment due dates. *See* Compl. Ex F. Ocwen makes no request or demand for payment. Common sense and case law defy Plaintiff's position to the contrary. *See Gregory v. Nationstar Mortgage, LLC*, 2014 WL 1875167, at *4 (D.N.J. May 9, 2014) (citing *Bailey v. Security Nat'l Serv. Corp.*, 154 F.3d 384 (7th Cir. 1998) (holding that letter from mortgage service corporation informing debtor of the current status of the account was not a communication in connection with the collection of a debt)); *see also Selby v. Bank of Am., Inc.*, 2010 WL 4347629, at *7 (S.D. Cal. Oct. 27, 2010).

### D.  Plaintiff's Chapter 7 Discharge Does Not Affect Ocwen's Right To Payment Of The Mortgage Debt.

Finally, to the extent Plaintiff alleges Ocwen's communications with Plaintiff generally violate the FDCPA in light of his Chapter 7 discharge (which, again, is not clear from the Complaint), Plaintiff is incorrect because the mortgage debt survives a Chapter 7 discharge. *See* Compl. ¶¶ 122–23. Accordingly, Ocwen did not violate the FDCPA because Ocwen is not "barred from taking any debt collection efforts" on the mortgage debt. *Id.* at ¶ 123.

It is well-established that a discharge in a Chapter 7 bankruptcy proceeding discharges only the personal liability of the debtor, "the surviving mortgage interest has the same properties as a nonrecourse loan and is enforceable against debtor's property." *In Re DiClemente*, 2012 WL 3314840, at *4 (D.N.J. Aug. 13, 2012) (stating holder of mortgage debt still has right to foreclose on encumbered property) (citing *Johnson v. Home State Bank*, 501 U.S. 78, 86 (1991)). Thus, the holder of the mortgage debt retains a right of payment of the mortgage debt because an unsatisfied mortgage lien (even though the underlying personal debt is discharged in bankruptcy)

survives the bankruptcy proceeding. *Johnson*, 501 U.S. at 86 ("Insofar as this mortgage interest…is enforceable only against the debtor's property, this interest has the same properties as a nonrecourse loan").

Here, the bankruptcy trustee abandoned the mortgaged property. *See* Ex. A., D.I. 19. Thus, the mortgage on the property was not discharged by the Chapter 7 proceeding, and the holder of the mortgage is lawfully entitled to seek payment on the mortgage debt. Any suggestion to the contrary is baseless.

### V.  CONCLUSION

For the foregoing reasons, Plaintiff's Complaint must be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: November 27, 2017

        */s/ David. A Dorey*
        David A. Dorey (# 5283)
        Craig N. Haring (# 6231)
        BLANK ROME LLP
        1201 Market Street, Suite 800
        Wilmington, Delaware 19801
        (302) 425-6400
        Dorey@BlankRome.com
        CHaring@BlankRome.com

        *Attorneys for Defendant,*
        *Ocwen Loan Servicing, LLC*