IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL L. TABB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 17-1124-CFC |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Daniel L. Tabb, Middletown, Delaware, Pro se Plaintiff.

Craig N. Haring, Esquire, and David A. Dorey, Esquire, Blank Rome LLP, Wilmington, Delaware. Counsel for Defendant.

## MEMORANDUM OPINION

March 4, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff Daniel L. Tabb, Jr., ("Plaintiff") who appears *pro se* and has paid the filing fee, filed this action on August 11, 2017, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. (D.I. 1) Defendant Ocwen Loan Servicing, LLC ("Defendant") moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 10) Plaintiff opposes.

## I. BACKGROUND

Plaintiff and Dana L. Tabb filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware, Case No. 14-11647-CSS. (D.I. 1 at Ex. B) On October 20, 2014, they were granted a discharge of debtors under Section 727 of Title 11 of the United States Bankruptcy Code. (*Id.*)

Plaintiff's five-count Complaint, with attached Exhibits A through G, alleges that Defendant is a debt collector, Plaintiff is a consumer, Defendant sent Plaintiff "dunning notices" in an attempt to collect a debt from Plaintiff, and Defendant's communications consisted of false and misleading representations in violation of the FDCPA. (D.I. 1, 8) Plaintiff seeks statutory and actual damages, costs, and fees.

1

**Count One** alleges that Defendant's August 12, 2016 communication violated 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10) because it attempted to collect an alleged debt as defined under § 1692e(5) after the Bankruptcy Court discharged Plaintiff's personal liability of all debts, and barred Defendant from taking any debt collection efforts against Plaintiff since October 20, 2014. (D.I. 1 at Count One, Exs. A, C)

On September 2, 2016, Defendant sent Plaintiff a payoff quote valid through October 3, 2016 in the amount of $382,252.67, for property located at 202 E. Wayne Way in Middletown, Delaware ("the property"). (D.I. 1 at Ex. A) Plaintiff refers to the September 2, 2016 document as a dunning communication. He alleges the September 2, 2016 communication contains false and misleading representations through deceptive means in an attempt to collect a debt from Plaintiff. At the bottom of each page of the payoff quote, it states:

> "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

(*Id.* at Ex. A)

**Count Two** alleges that on September 9, 2016, Defendant sent Plaintiff an August 12, 2016 communication titled "response letter loss mitigation option(s) are enclosed" after it had completed a review of Plaintiff's application for assistance. (D.I. 1 at Count Two, Ex. C) Plaintiff was provided the option of a loan modification trial period plan with a new monthly payment, and the loan was conditionally approved for surrender of the property while avoiding foreclosure. (*Id.* at Ex. C) The Complaint alleges the communication is a dunning communication, contains false and misleading representations, and violates 15 U.S.C. §§ 1692e(5) and 1692e(10). At the bottom of each page of the response letter it states:

> This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.

(D.I. 1 at Ex. C)

**Count Three** alleges violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10). Plaintiff alleges that a mortgage account statement he received from Defendant dated October 31, 2016, showing activity since last statement

(10/17/14 to 10/31/16) is a dunning communication. (D.I. 1 at Count Three; D.I. 8 at Ex. E) Plaintiff was notified under "important news"

> Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. . . . Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). . . . Our records indicate you have filed for bankruptcy protection. This statement applies to our lien on the subject mortgaged property and is being provided for informational purposes only.

(D.I. 8 at Ex. E)

Plaintiff alleges that Defendant misrepresented that the communication was provided purely for informational purposes with regard to its secured lien and that it misrepresents the monies owed.

**Count Four** alleges violations of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). On November 8, 2018, Defendant sent Plaintiff a verification of mortgage account that was provided "in response to your request for a verification of mortgage." (*Id.* at Ex. F) Plaintiff alleges the document contains false and misleading representations and misrepresents the current unpaid balance thru deceptive means in an attempt to collect a debt from Plaintiff. At the bottom of Page 1 it states,

> This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged

4

through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

(*Id.*)

**Count Five** alleges violations of 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10). Plaintiff received a mortgage account statement from Defendant dated November 17, 2016 showing activity since last statement (10/31/16 to 11/17/16). (D.I. 1 at Count Five, D.I. 8 at Ex. G) The Complaint refers to the document as a dunning communication. Plaintiff alleges the document misrepresents the amount of monies due, the monthly payment and other loan status information all in an attempt to collect a debt from Plaintiff. (D.I. 1 at Count Five) Plaintiff was notified under "important news"

> Our records indicate that your loan is in foreclosure. Accordingly, this statement may be for informational purposes only. . . . Your loan has been accelerated (the past due balance, all fees, and your remaining principal balance is now due in full). . . . Our records indicate you have filed for bankruptcy protection. This statement applies to our lien on the subject mortgaged property and is being provided for informational purposes only.

(D.I. 8 at Ex. G)

## II. LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the

Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). The Court is "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed,

however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. DISCUSSION

The FDCPA provides a cause of action to consumers who have been subject to "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(a). To state a claim under the FDCPA, Plaintiff must establish that "(1) he is a consumer; (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

7

Defendant moves for dismissal on the grounds that the Complaint: (1) fails to allege that Defendant it is a "debt collector" under the FDCPA, 15 U.S.C. § 2692a(6); (2) fails to sufficiently allege a violation of 15 U.S.C. § 1692e; and (3) Plaintiff's Chapter 7 discharge does not affect Defendant's right to payment of the mortgage debt. (D.I. 11)

### A. Debt Collector

Defendant argues that the Complaint is devoid of any facts that demonstrate that Defendant is a debt collector under the FDCPA. The Court disagrees. The FDCPA defines a "debt collector" as "[a]ny person who uses any instrumentality of interstate commerce of the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) Certain of the notices and documents Defendant sent to Plaintiff identify Defendant as a "debt collector." *See, e.g.*, footnotes at D.I. 1 at Ex. A (this communication is from a debt collector); *id.* at Ex. C (this communication is from a debt collector); D.I. 8 at Ex. D (this communication is from a debt collector); *id.* at Ex. F (this communication is from a debt collector). Those notices and documents are

8

attached to the Complaint, and it can be plausibly inferred from those documents that Defendant is a debt collector under § 1692(a)(6).

### B. Section 1692e

Section 1692e prohibits a debt collector from "us[ing any false, deceptive, or misleading representation or means *in connection with the collection of any debt.*" (Emphasis added.) Here, the communications from Defendant that Plaintiff relies on in support of his allegations and attaches to his Complaint make clear that the communications were sent for informational purposes only and were not intended to collect to collect a debt from Plaintiff personally. Some documents were sent in response to queries by Plaintiff. Defendant expressly advised Plaintiff that these documents were for informational purposes with regard to its secured lien on the property Other documents were mortgage account statements that stated that Defendant did not seek to recover on a debt and instead were sent to place Plaintiff on notice of a potential foreclosure action. (*See* D.I. 2 at Exs. A, B, C; D. I. 8 at Ex. D, E, F, G)

In addition, the Court notes that federal law mandates that mortgage servicers send borrowers periodic statements. *See* 15 U.S.C. § 1638(f), as implemented by 12 C.F.R. § 1026.41(1)(2) ("[a] servicer of a transaction subject to this section shall provide the consumer, for each billing cycle, a periodic

statement."). It is clear from the exhibits attached to Plaintiff's complaint that these statements did not seek to recover on a debt but instead provide notice pursuant to federal law or are in response to a request by Plaintiff.

In short, the communications upon which Plaintiff relies in support of his allegations do not unfairly represent, fail to disclose a material truth, instill a false belief, or otherwise deceive a consumer into misinterpreting their contents; and, most important for purposes of Defendant's motion, they were not sent "in connection with the collection of any debt." Thus, the Court will grant Defendant's motion to dismiss the FDCPA claims.

### C. Mortgage Debt

To the extent Plaintiff alleges that Defendant's communications violate the FDCPA because of Plaintiff's Chapter 7 discharge, the allegations cannot stand for the additional reason that a Chapter 7 liquidation "extinguishes only 'the personal liability of the debtor . . . a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy." *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991) (quoting 11 U.S.C. § 524(a)(1)) (internal citation omitted). Thus, as a matter of law, the lienholder has a right to provide notice or commence foreclosure of the Property after the Chapter 7 bankruptcy. The FDCPA does not functionally immunize a debtor who has declared bankruptcy

from foreclosure proceedings. *See Saafir v. Bayview Loan Servicing, LLC*, 2018 WL 1069413, at *4 (D.N.J. Feb. 26, 2018).

### D. Amendment

In his opposition Plaintiff asks for leave to amend in the event the Court finds that the Complaint fails to state claims upon which relief may be granted. Federal Rule of Civil Procedure 15 governs amendments to the pleadings generally. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In light of the foregoing analysis, the Court finds amendment futile. Therefore, the Court will deny Plaintiff's request to amend.

## IV. CONCLUSION

For the reasons discussed above, the Court will: (1) grant Defendant's motion to dismiss (D.I. 10); (2) deny Plaintiff's request to amend (D.I. 17); and (3) deny as moot Plaintiff's request for mandatory judicial notice (D.I. 23). The Court finds amendment futile.

An appropriate order will be entered.