IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANIEL L. TABB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 17-1124-CFC |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| DANIEL L. TABB, JR., | ) |
| | ) |
| Counter Defendant. | ) |

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC, | ) |
| | ) |
| Third Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DANA L. TABB, et al., | ) |
| | ) |
| Third Party Defendants. | ) |

```
_____
                                     )
JWL REALTY, LLC,                     )
                                     )
          Cross Claimant,            )
                                     )
     v.                              )
                                     )
DANA L. TABB,                        )
                                     )
          Cross Defendant.           )
_____
```

Daniel L. Tabb, Middletown, Delaware, Pro se Plaintiff/Counter Defendant.

Craig N. Haring, Esquire, and David A. Dorey, Esquire, Blank Rome LLP, Wilmington, Delaware.   Counsel for Defendant/Counter Claimant/Third Party Plaintiff/Counter Defendant Ocwen Loan Servicing, LLC.

Dana L. Tabb, Middletown, Delaware, Pro se Third Party Defendant/Cross Defendant.

Seth Lewis Thompson, Esquire, Parkowski, Guerke & Swayze, P.A.   Counsel for Third Party Defendant/Cross Claimant/Counter Claimant JWF Realty, LLC.

## MEMORANDUM OPINION

July 30, 2021
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Daniel L. Tabb, Jr., who appears *pro se*, filed this action on August 11, 2017, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (D.I. 1) Counterclaims, third party claims, and cross claims have been filed. (D.I. 30, 35, 42) Currently pending are motions for extension of time filed by Dana L. Tabb and Plaintiff and motions to dismiss filed by Mrs. Tabb that are opposed by Ocwen Loan Servicing, LLC and JWL Realty, Inc. (D.I. 38, 44, 46, 50)

## I. BACKGROUND

The case proceeds on two counts of Plaintiff's five-count Complaint that raise claims under the FDCPA and allege that Ocwen made "false and misleading representations" in communications sent to Plaintiff regarding his mortgage loan for property located in Middletown, Delaware. (*See* D.I. 32, 33) On September 23, 2020, Ocwen filed a Counterclaim against Plaintiff and a Third Party Complaint against Third Party Defendants Mrs. Tabb and JWL Realty, LLC. (D.I. 34, 35) With respect to Mrs. Tabb, the Third Party Complaint alleges that she defrauded Ocwen by preparing and recording a fraudulent satisfaction of mortgage with Plaintiff and then selling the property to JWL Realty despite a note and mortgage for which Ocwen had acquired the

loan servicing rights and was the servicing agent. On November 20, 2020, JWL Realty filed a Cross Claim against Mrs. Tabb and a Counterclaim against Ocwen and Plaintiff for unjust enrichment, breach of warranty deed, and fraud. (D.I. 42)

Mrs. Tabb filed a motion to dismiss Ocwen's Third Party Complaint and a motion to dismiss JWL Realty's cross claim, both for lack of personal jurisdiction. The motions are opposed. (D.I. 38, 50) In addition, Mrs. Tabb filed a motion for an extension of time to file a reply brief, and Plaintiff filed a motion for an extension of time to file an answer to the Third Party Complaint. (D.I. 44, 46)

## II. EXTENSIONS OF TIME

Mrs. Tabb's motion for an extension of time to file a reply brief to Ocwen's opposition to Mrs. Tabb's motion to dismiss will be granted. (D.I. 44) The Court will consider her reply brief filed on December 4, 2020. (*See* D.I. 45)

Plaintiff's motion for an extension of time to answer Ocwen's Counterclaim will be granted and the answer attached as Exhibit A to Docket Item 47 will be docketed. (D.I. 46, D.I. 47-1)

2

## III. MOTION TO DISMISS

Mrs. Tabb proceeds *pro se* and moves to dismiss the Third Party Complaint and Crossclaim filed against her for lack of personal jurisdiction, presumably pursuant to Fed. R. Civ. P. 12(b)(2).

### A.  Legal Standards

Pursuant to Rule 12(b)(2), a party may move to dismiss a case based on the court's lack of personal jurisdiction over that party.  When a party moves to dismiss for lack of personal jurisdiction, the non-moving party bears the burden of showing the basis for jurisdiction.  *See, e.g., Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008).  If no evidentiary hearing has been held, a plaintiff "need only establish a prima facie case of personal jurisdiction."  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  A plaintiff "presents a prima facie case for the exercise of personal jurisdiction by establishing with reasonable particularity sufficient contacts between the defendant and the forum state."  *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (internal quotation marks and citation omitted). "When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the [nonmoving party] and resolve all factual

3

disputes in the [nonmoving party's] favor." *Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642 (D. Del. 2006).

**B.   Discussion**

Mrs. Tabb's two motions to dismiss are substantively identical with the exception of additional language in a sentence in Paragraph 2.   (*Compare* D.I. 38 to D.I. 50 at ¶ 2 ("as I have no known contract, implied or express, with the state government, or the federal government.")   She seeks dismissal on the grounds that the Court has no jurisdiction over her or her assets "owing to [her] standing and status as an enrolled tribal member."   (D.I. 38, 50 at 2)   Mrs. Tabb cites to a number of statutes, posits that State Courts have no jurisdiction over Indians or Indian Affairs, and states that, "[o]wing to the strictures appropriately entrenched in constitutional and federal Indian law, any and all non-tribal or other secular jurisdictional authorities will have to contact . . [the] Clerk of the Secamtektek Tribe . . . Detroit, Michigan in Indian Country USA." (*Id.* at 3)

Ocwen and JWL oppose the motions on the grounds that:   (1) Mrs. Tabb is subject to the personal jurisdiction of this Court; (2) her motion is not based on any facts relevant to this case; (3) the tribe referenced by Mrs. Tabb is not

4

recognized by the federal government; and (4) she cannot invoke an American Indian Tribe's sovereign immunity.   (D.I. 39, 51)

Upon review of the pleadings, there is no question that they contain sufficient allegations establishing this Court's personal jurisdiction.  As alleged, Mrs. Tabb is a resident of Delaware, the property in question is located in Delaware, and all the acts referred to took place in Delaware.   (D.I. 35) Mrs. Tabb does not dispute these facts.   In addition, while Mrs. Tabb seems to imply that she is a member of the Sec Am Tek Tribe, nowhere in her motions does she explicitly identify her purported tribe.   In light of the foregoing, the Court finds there exists a prima facie basis for personal jurisdiction.

In addition, the motions fail on their merits.   Mrs. Tabb provides a list of statutes and cases, but she does not explain and I do not see how the cited authorities apply to the facts of this case.   (*See* D.I. 38, 50 at 2-3)   Nor do her motions indicate that the property in question lies in Indian Country.

Indian tribes have long been recognized as "distinct, independent political communities, qualified to exercise many of the powers and prerogatives of self-government."  *Plains Commerce Bank v. Long Family Land and Cattle Co.*, 554 U.S. 316, 327 (2008) (internal citations and quotations omitted).   The "sovereignty that the Indian tribes retain is of a unique and limited character,"

5

however, centering "on the land held by the tribe and on tribal members within the reservation." *Id.* (internal citations omitted). "Tribes retain sovereign interest in activities that occur on land owned and controlled by the tribe." *Nevada v. Hicks*, 533 U.S. 353, 392 (O'Connor, J., concurring). Notably suits against Indian tribes are barred by sovereign immunity absent a clear waiver by the tribe or Congressional abrogation. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978) (emphasis added). Tribal members who are named in lawsuits in their individual capacity are not entitled to tribal sovereign immunity. *See e.g., Lewis v. Clarke*, __U.S.__, 137 S.Ct. 1285, 1290 (2018) (sovereign tribal immunity is not implicated when suit is brought against defendants in their individual capacities).

In the instant case, Mrs. Tabb's alleged status as an "enrolled tribal member" does not divest this Court of jurisdiction. The claims are raised against her in her individual capacity and not against a tribal sovereign entity. Accordingly, Mrs. Tabb cannot invoke the tribe's sovereign immunity as a defense to the claims raised against her. Her motions to dismiss will therefore be denied.

## IV.  CONCLUSION

For the reasons discussed above, the Court will:   (1) grant Dana L. Tabb's motion for an extension of time to file a reply brief to Ocwen's opposition to Dana L. Tabb's motion to dismiss (D.I. 44); (2) grant Daniel L. Tabb's motion for an extension of time to answer Ocwen's Counterclaim (D.I. 46); and deny Dana L. Tabb's motions to dismiss (D.I. 38, 50).

An appropriate order will be entered.